Gary Grinberg appeals from a judgment of the common pleas court entered following a bench trial where the court found him guilty of assault of a sheriff's deputy with a peace officer specification. Grinberg complains on appeal that the state did not offer sufficient evidence to prove that he knowingly caused physical harm to anyone, and the trial court failed to notify him of "bad time" and post-release control. After a careful review of the arguments presented to us on appeal, we affirm in part and reverse in part but do not remand to the trial court.
The record here reveals that on January 31, 1998, Deputy Sheriffs John Trevis, Darnell Worley, Linda Graham, and David Solomon served an arrest warrant on Grinberg for receiving stolen property at his Beachwood, Ohio, apartment. After confronting Grinberg, the deputies permitted him to retrieve a pair of shoes from his bedroom, but while there Trevis became concerned that Grinberg might be looking for a weapon because his eyes continued to wander around the bedroom. Trevis told Grinberg that he had to handcuff him before they could continue to look for his shoes, and at that point, Grinberg became aggressive. Worley grabbed Grinberg as he came toward the deputies and told him to stop resisting. A struggle ensued and after forcing Grinberg face down on his bed, Trevis handcuffed him; during the struggle, however, Trevis lacerated his right hand and jammed his thumb.
On March 3, 1998, a grand jury indicted Grinberg for assault with a peace officer specification. Grinberg waived a jury trial and stipulated to the peace officer specification. At the conclusion of the state's case-in-chief and, again, at the conclusion of the trial, Grinberg's counsel moved for acquittal contending the state offered insufficient evidence to prove that Grinberg knowingly caused physical harm to Trevis. The court denied both motions and, thereafter, found Grinberg guilty of assault on Trevis with the specification. Grinberg now appeals and raises two assignments of error for our review. The first states:
I.
 MR. GRINBERG'S RIGHTS UNDER ART. I, SECT. 16 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WERE VIOLATED AND HE WAS IMPROPERLY DENIED A CRIM. R. 29 ACQUITTAL WHEN THERE WAS INSUFFICIENT EVIDENCE THAT HE KNOWINGLY CAUSED OR ATTEMPTED TO CAUSE PHYSICAL HARM TO ANOTHER.
Grinberg admitted that he resisted arrest, but contends the state failed to provide evidence that he knowingly caused physical harm to Trevis. The state maintains that it produced sufficient evidence to convince the court of the elements of assault. The issue here then concerns whether the state produced sufficient evidence that Grinberg knowingly cause or attempted to cause physical harm to Trevis.
We begin by noting Grinberg requested an acquittal at trial pursuant to Crim. R. 29 which provides:
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.
 However, the test for sufficiency of the evidence raises a question of law to be decided by the court before the jury may receive and consider the claimed offense. In State v. Jenks (1991), 61 Ohio St.3d 259, at paragraph two of the syllabus, the court stated:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia
[1979], 443 U.S. 307, * * *, followed.)
The test for sufficiency involves viewing the probative evidence and inferences therefrom in the light most favorable to the prosecution to find all the essential elements of the offense. As the test itself states, the court may not weigh the evidence to resolve the question of sufficiency.
Here, the state charged Grinberg with assault and alleged that Grinberg knowingly caused physical harm to Trevis.
R.C. 2901.22(B) defines "knowingly", in part, as follows:
 (B) A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result * * *.
In this case, the state evidenced through testimony in its case-in-chief that although Grinberg appeared cooperative when the deputies entered his apartment, he began to stall for time while purporting to look for his shoes in his bedroom. Recognizing Grinberg's emotional state, Wooley tried to handcuff Grinberg who resisted him, and during the ensuing struggle, Trevis sustained injury to his hand. Since an individual is presumed to intend the natural and probable consequences of his voluntary acts, when Grinberg resisted, he knew that by resisting his conduct could cause injury. After construing this evidence most favorably to the state as we are required to do, a rational trier of fact could have found the state proved the essential elements of assault beyond a reasonable doubt. Accordingly, we reject this assignment of error.
The second assignment of error states:
II.
 WHEN THE TRIAL COURT STATED ONLY THAT THE SENTENCE INCLUDES ALL EXTENSIONS PROVIDED BY LAW IT FAILED TO COMPLY WITH R.C. 2929.19, WHICH REQUIRES THAT AT SENTENCING FOR AN OFFENSE THAT OCCURRED ON OR AFTER JULY 1, 1996, THE TRIAL COURT SHALL NOTIFY THE OFFENDER OF SPECIFIC FACTS CONCERNING THE POSSIBILITY OF "BAD TIME" (R.C. 2967.11) AND POST-RELEASE CONTROL (R.C. 2967.28).
Grinberg argues the court failed to inform him about sanctions such as "bad time" or post-release control. The state has conceded Grinberg's position and argues that Grinberg is entitled to a new sentencing hearing for the limited purpose of notification regarding "bad time" and post-release control.
R.C. 2967.11(B) provides for an administrative extension of a prison term for offenses committed while in prison such as "bad time" and states in part:
 (B) As part of a prisoner's sentence, the parole board may punish a violation committed by the prisoner by extending the prisoner's stated prison term for a period of fifteen, thirty, sixty, or ninety days in accordance with this section. The parole board may not extend a prisoner's stated prison term for a period longer than one-half of the stated prison term's duration for all violations occurring during the course of the prisoner's stated prison term, including violations occurring while the offender is serving extended time under this section or serving a prison term imposed for a failure to meet the conditions of a post-release control sanction imposed under section 2967.28 of the Revised Code. If a prisoner's stated prison term is extended under this section, the time by which it is so extended shall be referred to as "bad time."
R.C. 2967.28(A)(1) provides the definition of post-control release:
* * *
 (1) "Post-release" control means a period of supervision by the adult parole authority after release from imprisonment that includes one or more post-release control sanctions imposed under this section.
We begin our analysis of Grinberg's assignment of error by examining the duties of a trial court in this regard at the time of sentencing. R.C. 2929.19(B)(3)(b) provides:
 (3) subject to division (B)(4) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
* * *
 (b) Notify the offender that the parole board may extend the stated prison term if the offender commits any criminal offense under the laws of this state or the United states while serving the prison term, that the extension will be done administratively as part of the offender's sentence in accordance with section 2967.11 of the Revised Code and may be for thirty, sixty, or ninety days for each violation, that all extensions of any stated prison term for all violations during the course of the term may not exceed one-half of the term's duration, and that the sentence so imposed automatically includes any extension of the stated prison term by the parole board;
and R.C. 2929.19(B)(3)(e) provides:
 (e) Notify the offender that, if a period of post-release control is imposed following the offender's release from prison, as described in division (B)(3)(c) or (d) of this section, and if the offender violates a post-release control sanction imposed as a component of the post-release control including the mandatory condition described in division (A) of section 2967.12.1 of the Revised Code, all of the following apply:
 (i) The adult parole authority or the parole board may impose a more restrictive post-release control sanction.
 (ii) The parole board may increase the duration of the post-release control subject to a specified maximum.
 (iii) The more restrictive sanction that the parole board may impose may consist of a prison term, provided that the prison term cannot exceed nine months and the maximum cumulative prison term so imposed for all violations during the period of post-release control cannot exceed one-half of the stated prison term originally imposed upon the offender.
 (iv) If the violation of the sanction is a felony, the offender may be prosecuted for the felony and, in addition to any sentence it imposes on the offender for the new felony, the court may impose a prison term, subject to a specified maximum, for the violation.
Both parties agree the trial court in this instance did not make these notifications. Grinberg, however, has not demonstrated any prejudice as a result of this failure. He neither evidences any citation, violation, or extension of his sentence or that he has been subjected to post-release control or sanctions arising from this circumstance. Crim.R. 52(A) provides the following:
 (A) Harmless error. Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded.
Upon review, we have determined that although the trial court should have, but did not notify Grinberg about bad time and post-release control, no harm has resulted to Grinberg, and for us to have the trial court now advise Grinberg of these circumstances would constitute a vain act as he has demonstrated full knowledge of them in his brief, and counsel admitted during oral argument that this is now a moot issue since Grinberg has been released from prison, has not had any bad time added to his sentence and he is not subject to any period of post-release control.
Accordingly, based on the unique facts in this case, since Grinberg has not demonstrated any prejudice, the trial court's failure here is harmless error and we overrule this assignment of error and affirm the judgment.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
This Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER, A.J. and ANN DYKE, J., CONCUR
 _________________________________ JUDGE TERRENCE O'DONNELL